USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/22/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
UNITED STATES OF AMERICA,                :
                                          :
     -against-                            :    17-CR-438 (VEC)
                                          :
SHAJOHNNY SANTANA,                        :    OPINION & ORDER
                                          :
                           Defendant.     :
---------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on June 19, 2018, Mr. Santana pleaded guilty to one count of conspiracy to violate racketeering laws, in violation of 18 U.S.C. § 1962(d), Dkts. 271, 304;

WHEREAS on December 19, 2018, this Court sentenced Mr. Santana to 120 months' imprisonment, see Sentencing Tr., Dkt. 456;

WHEREAS Mr. Santana appealed his sentence, but on March 19, 2020, the Second Circuit upheld and affirmed his sentence, see United States v. Santiago, 806 F. App'x 32 (2d Cir. 2020);

WHEREAS on March 17, 2021, Mr. Santana filed a petition to vacate, set aside, or correct his conviction pursuant to 28 U.S.C. § 2255, Dkt. 604, which the Court denied on July 28, 2022, Dkt. 708;

WHEREAS on August 26, 2022, Mr. Santana moved the Court to reconsider the denial of his § 2255 petition, Dkt. 719, and on September 6, 2022, this Court denied the motion, Dkt. 720;[1]

---

[1] On November 9, 2022, Mr. Santana appealed the Court's denial of his motion for reconsideration and moved this Court for a certificate of appealability. See Dkts. 742, 743. This Court denied the request to issue a certificate of appealability, Dkt. 749, and on August 7, 2023, the Second Circuit dismissed Mr. Santana's appeal, Dkt. 873.

WHEREAS on October 18, 2022, Mr. Santana filed a motion pursuant to 18 U.S.C. § 3582 for compassionate release, effective immediately, Def. Mot. at 36, Dkt. 731;

WHEREAS on November 30, 2022, the Government opposed the motion, Gov. Opp., Dkt. 750;

WHEREAS on February 9, 2023, the Court received Mr. Santana's reply to the Government's opposition, dated January 31, 2023, *see* Def. Reply, Dkts. 770 and 771;[2] and

WHEREAS a court may, according to the plain language of the statute, reduce an inmate's sentence under the rubric of compassionate release if, "after considering the factors set forth in section 3553(a)," it finds that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i).[3]

IT IS HEREBY ORDERED THAT: Mr. Santana's motion for compassionate release is DENIED.  Mr. Santana fails to demonstrate "extraordinary and compelling reasons" warranting a sentence reduction.

Mr. Santana argues that the conditions at FCI Ray Brook were untenable and "a death trap," Def. Mot. at 15, but Mr. Santana is no longer incarcerated in that institution, *see* Def. Reply at 6.  Even if he were, the Government points to countervailing evidence that undermines Mr. Santana's claim, including that, as of November 2022, only three cases of COVID-19 at FCI Ray Brook had been reported, "all of which belong to staff," and no inmates held there have died from COVID-19 since the beginning of the pandemic.  Gov. Opp. at 4.  Likewise, Mr. Santana's

---

[2]    Docket entries 770 and 771 contain identical versions of Mr. Santana's handwritten reply; the brief filed at docket entry 770 includes page numbers (which are cut off in the version filed at docked entry 771).  Mr. Santana requested in his reply brief that his sentence be reduced to 84 months.  *See* Def. Reply at 9.

[3]    Section 3582(c) also requires that inmates administratively exhaust remedies by requesting release from the Bureau of Prisons ("BOP") before seeking release from the courts.  18 U.S.C § 3582(c)(1)(A).  The Government represents that it has received from the BOP a copy of Mr. Santana's request for compassionate release and the Warden's denial of that request; the exhaustion requirement has, therefore, been satisfied.  *See* Gov. Opp. at 3 n.3.

claims of understaffing and lack of medical attention are belied by his own medical records, submitted by the Government under seal, which reflect that Mr. Santana was seen on a number of occasions by various members of the medical staff in 2021 and 2022. Accordingly, Mr. Santana has not demonstrated that the conditions of his confinement constitute extraordinary or compelling circumstances sufficient to warrant a modification of his sentence.

Second, although Mr. Santana claims to be immunocompromised due to his history of smoking cigarettes and illicit drug use, *see* Def. Mot. at 2–3; Def. Reply at 7, he does not claim to suffer from COVID-19, nor has he been diagnosed with any other ailment that would render him unusually vulnerable to severe illness were he to contract COVID-19, *see* Gov. Opp. at 4; *see generally* Def. Reply. To his credit, Mr. Santana has also been vaccinated against COVID-19, Gov. Opp. at 3; Def. Reply at 7, which greatly diminishes his risk of severe illness or death were he to contract the disease.

Mr. Santana admits that his claim of being immunocompromised "alone is not sufficient to qualify as extraordinary and compelling, but together with defendant's other arguments, strengthen [sic] defendant's motion in totality." Def. Reply at 7. The Court disagrees. The Court is pleased that Mr. Santana has availed himself of educational opportunities while incarcerated, that he has performed exceedingly well, *see id.* at 8 (stating that he obtained an associate degree with a 4.0 GPA),[4] and that he has maintained a clean disciplinary record for several years. But post-sentencing conduct in the form of academic achievement and behaving in prison is insufficient to justify a sentence modification, and Mr. Santana has not presented any further argument that, coupled with his immunocompromised status, "strengthens" his motion.

---

[4] The educational records provided by the Government, dated November 28, 2022, reflect that Mr. Santana has not participated in any educational programming since late 2021. Given the availability of enhanced good time credit for participating in appropriate programming, the Court encourages Mr. Santana to do so.

Finally, even if Mr. Santana had demonstrated an extraordinary and compelling basis for a reduction in his sentence (which he has not), considering the applicable factors set forth in 19 U.S.C. § 3553(a), a sentencing reduction is not warranted, particularly in light of Mr. Santana's documented violent proclivities, *see* Gov. Opp. at 4–5 (noting Mr. Santana's "bragging to the FBI agents who arrested him that he liked to stab people, and having actually stabbed people"); Def. Reply at 8 (acknowledging this particular incident but describing it as an "unavailing" argument), and lengthy criminal record.

In short, the Court finds that Mr. Santana has failed to show that extraordinary and compelling circumstances exist to warrant a reduction of his sentence. His motion for compassionate release is, therefore, DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and permission to proceed *in forma pauperis* is therefore denied. The Clerk of Court is respectfully directed to close the open motion at docket entry 718 and to mail a copy of this Order to Mr. Santana.

**SO ORDERED.**

Date: **August 22, 2023**
**New York, NY**

　　　　　　　　　　　　　　　　　　**VALERIE CAPRONI**
　　　　　　　　　　　　　　　　　　**United States District Judge**