USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/15/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

SHAJONNY SANTANA,

                     Defendant.

17-CR-438 (VEC)

ORDER

---

VALERIE CAPRONI, District Judge:

On December 19, 2018, the Defendant was sentenced principally to a term of imprisonment of 120 months.

On March 19, 2024, the Defendant moved for a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines, which went into effect on November 1, 2023, and which applies retroactively. The United States Probation Department has issued a report indicating that the Defendant is not eligible for a sentence reduction.

The Court has considered the record in this case and Defendant's submission, Def. Mot., Dkt. 898.

Defendant argues that he is entitled to a reduction of sentence because of the changes Amendment 821 made to the calculation of criminal justice points for youthful offender adjudications. *See* Def. Mot. at 2–3. But not all changes to the Guidelines contained in Amendment 821 are retroactive. *See* U.S.S.G. § 1B1.10 (only parts A and B, subpart 1 are retroactive). The two changes that are retroactive have nothing to do with whether a criminal history point should have been added based on Defendant's 2005 youthful offender adjudication.

It is hereby ORDERED that Defendant's motion is DENIED because he is not eligible for a reduction in sentence pursuant to Amendment 821.  The two portions of that amendment that are retroactive relate to "zero point" offenders (Defendant had 10 criminal history points).[1] and to defendants with status points (meaning an increase in criminal history because the offense of conviction was committed while the defendant was under another criminal justice sentence; no status points were assessed when determining Defendant's criminal history).

The Clerk is respectfully directed to terminate the open motion at Dkt. 898 and to mail a copy of this order to Defendant.

SO ORDERED.

**VALERIE CAPRONI**
United States District Judge

Dated: April 15, 2024
        New York, New York

---

[1]     Even if Defendant were correct that the amendment to U.S.S.G. § 4A1.2(d)(2)(B) applied retroactively and that, under the amendment, his 2005 youthful offender adjudication would not have yielded an additional criminal history point, he still would not be a "zero point" offender.